IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CYNTHIA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV755 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* on Plaintiff's failure to comply with this Court's Order [Doc. #4] entered on September 18, 2015. For the reasons set out below, the Court recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

As noted in the Court's September 18, 2015 Order, Plaintiff appears to be seeking judicial review in this Court following an administrative denial of her claim for Social Security benefits by the Commissioner of Social Security. This Court in a previous action (1:09CV174) considered a prior decision of the Commissioner denying benefits to Plaintiff Melvin. It appears that Plaintiff Melvin may now be seeking review of a subsequent decision. Therefore, this Court stayed this action for 30 days and ordered Plaintiff to complete the *pro se* complaint form and an application to proceed *in forma pauperis*, both of which the Clerk of Court sent to her, and return them to the Clerk along with a copy of the final decision of the Commissioner from

which she is appealing, by the end of the 30-day period. (Order [Doc. #4].) The 30-day period has now expired, and Plaintiff has failed to return the forms, submit a copy of the final decision, or to communicate with the Court in any manner.[1]

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. In considering whether to impose such a dismissal, the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (upholding dismissal of *pro se* plaintiff's claims, and noting that *pro se* litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

---

[1] The Court's Order in Plaintiff's earlier action reversed the Commissioner's decision finding no disability and remanded to the Commissioner for further consideration "pursuant to sentence four of 42 U.S.C. § 405(g)." (No. 1:09CV174 [Doc. #19], at 2.) Therefore, the Court's earlier judgment was a final judgment, and a new case opening and new complaint form would be needed for the Court to consider a subsequent challenge to the Commissioner's decision after remand, if that is the decision that Plaintiff now asks the Court to review. See Melkonyan v. Sullivan, 501 U.S. 89, 98-99 (1991) (describing the two types of remands pursuant to 42 U.S.C. § 405(g)).

In the present case, Plaintiff is proceeding *pro se* and bears responsibility for the failure to prosecute this action. Absent compliance with the Court's Order, it is not clear what final order, if any, Plaintiff is appealing. As such, Defendant is prejudiced by an inability to fairly address and litigate this matter. There is no drawn-out history of non-compliance by Plaintiff. This counsels in favor of a dismissal without prejudice rather than with prejudice. Because Plaintiff is not communicating with the Court, the Court knows of no less drastic sanction that would effect compliance and allow the Court to move this case forward.

IT IS THEREFORE RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

This, the 6th day of November, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge